UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. A 11: 31

WILLIAM HEBERT,

    Plaintiff,

vs.

05 - 11324 REK

ROBERT MURPHY,
KATHLEEN DENNEHY, and
THE MASSACHUSETTS DEPARTMENT OF CORRECTION,

    Defendants.

MOTION FOR APPOINTMENT OF
COUNSEL AND/OR A GUARDAIN AD LITEM

    The plaintiff William Hebert moves that the court appoint counsel to represent him in this case. Mr. Hebert has only completed the eighth grade of school. Exhibit B of the Complaint, p. 3. While in prison in 1993 Mr. Hebert suffered a stroke, which either caused or precipitated a profoundly disabling mental illness. Exhibit B, p. 4. Mr. Hebert is described by the treating professionals as being delusional. Exhibit B, p. 9. While Mr. Hebert has improved significantly in the last year, he still is nowhere near being able to represent himself in this litigation. Please see the attached Affidavit of Joel Pentlarge, another prisoner.

THE MERITS OF THIS CASE

    Based on the annual reviews of the Community Access Board (CAB), there is doubt that Mr. Hebert suffers from a major mental illness, which arose during the course of his incarceration, most likely as result of, or precipitated by a stroke that he suffered in 1993. There is nothing to indicate that Mr. Hebert's

current mental illness was related to his past offending, or that it increases the likelihood of his reoffending in the future. In fact, a careful unbiased expert evaluation of his current mental illness may find that it substantially reduces the likelihood of reoffending. For two years in a row the CAB has recommended diagnostic evaluation of Mr. Hebert's mental illness, including medical, psychiatric evaluations. Exhibit A, p. 9 and Exhibit B, p. 9. None of this has been done. Complaint, ¶¶ 27 and 32. The CAB perceived that Mr. Hebert's mental health was deteriorating. Exhibit B, p. 9. Compounding the lack of appropriate treatment for Mr. Hebert, are the conditions of confinement at the Nemansket Correctional Center. These conditions are more punitive and restrictive than the conditions in the various prisons in which Mr. Hebert served his prison sentence. Complaint, ¶¶ 34-40. The combined effect of the lack of appropriate treatment with the more restrictive conditions of confinement has been to affirmatively and needlessly worsen Mr. Hebert's mental health. Complaint, ¶ 33. Mr. Hebert's mental illness is clearly a disability within the meaning of the Americans with Disabilities Act. Complaint, ¶ 54. Mr. Hebert, as an incest offender who is over the age of 45, is in a class of sex offenders with the lowest rates of recidivism of all sex offenders and of all criminal offenders in general. See <u>Recidivism of Sex Offenders Released from Prison in 1994</u>, Bureau of Justice Statistics, U.S. Department of Justice, November 2003, Table 25, p. 25; and Barbaree, Blanchard and Langton, <u>The Effect of Age on Sexual Arousal and Recidivism among Sex Offenders</u>, Annals of the New York Academy of Sciences, 989: 59-71, p. 64.

At the present time the defendants do not provide annual review of Mr. Hebert's commitment. Nor are the court reviews based on reliable evidence which distinguishes Mr. Hebert from the dangerous but typical recidvist in an ordinary criminal case. Complaint, ¶¶ 50-52 and 55-57.

The failure to provide Mr. Hebert with appropriate treatment, violates his right to substantive due process of law under the Fourteenth Amendment to the U.S. Constitution. Youngberg v. Romeo, 457 U.S. 307, 324 (1982). The failure to make reasonable accomodations to Mr. Hebert's disability as a result of his mental illness, violates the Americans with Disabilities Act, 42 U.S.C. 12101, et seq, and the Rehabilitation Act, 29 U.S.C. 794. Olmstead v. L.C. 527 U.S. 581, 607 (1999). The failure to provide Mr. Hebert with the least restrictive conditions of confinement in the most integrated appropriate to his needs, violates his right to substantive due process under the Fourteenth Amendment, Youngberg, supra, his rights under the ADA and Olmstead, supra, and his rights under G.L. c. 123A, § 6A. Imprisoning Mr. Hebert in conditions more restrictive than prison, creates a presumption that the conditions are punitive and violate both the double jeopardy clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment. Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004). Holding Mr. Hebert under conditions which needlessly and affirmatively worsen his mental health is a further violation of his right to due process. Cameron v. Tomes, 990 F.2d 14, 19-20 (1st Cir. 1993).

The failure to give Mr. Hebert annual court reviews of his confinement coupled with a series of Massachusetts Supreme Judicial Court rulings and statutory provisions which allow completely unreliable evidence in all court proceeding dealing with the commitment of sex offenders, violates Mr. Hebert's due process rights. Kansas v. Hendricks, 521 U.S. 346, 357, 364 and 373 (1997); Kansas v. Crane, 534 U.S. 407, 413 (2002).

MR. HEBERT'S ABILITY TO REPRESENT HIMSELF

As set out in more detail in the affidavit of Joel Pentlarge, another prisoner at the Treatment Center, Mr. Hebert has no ability to represent himself, because of his mental illness. Mr. Hebert really needs a guardian ad litem to help him make the decisions about how this litigation should proceed and to help him advocate for          and placement that will be appropriate for him. Even with the assistance of other prisoners, the issues presented by this case are far too complicated, and the Department of Correction bureaucracy is far too restistant to change for Mr. Hebert to be able to pursue this case without counsel. This particularly true when it comes to investigating and setting up an alternative placement with the Department of Mental Health. Mr. Hebert will need a skilled advocate, who can access facilities and resources beyond the prison walls of the Nemansket Correctional Center.

Mr. Hebert respectfully requests that the court appoint counsel and/or a guardian ad litem.

William Hebert, Plaintiff

_William L Hebert_
William Hebert, Pro Se
Nemansket Correctional Center
30 Administration Rd,
BRidgewater, MA 02324